IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH VINANSKY | ) |
| | ) |
| v. | ) Civil No. 11-334 |
| | ) |
| J.F. CARAWAY | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 filed by Joseph Vinansky ("petitioner"). Because petitioner is not confined at an institution in this district, his §2241 motion will be denied.

On July 21, 2004, petitioner appeared before the court for sentencing pursuant to his guilty plea to a one-count indictment at Criminal No. 03-236 charging him with access device fraud and a one-count information at Criminal No. 04-81 charging him with mail fraud. Defendant was sentenced to a term of imprisonment of 50 months at each count, to be served concurrently, to be followed by a term of supervised release of 3 years at each count, to be served concurrently.

On December 16, 2009, petitioner appeared before the court for a supervised release revocation hearing pursuant to a petition on supervised release. Upon the court's finding that petitioner violated the conditions of his release, supervised release was revoked and petitioner was sentenced to a term of imprisonment of 21 months, which he currently is serving at FCI-Cumberland.

On March 15, 2011, petitioner filed the pending §2241 petition alleging that he has received threats from other inmates at FCI-Cumberland due to his testimony in a murder case. For his own safety, he requests that his sentence be modified to permit him to serve the remainder of his term of incarceration at a halfway house or in home confinement.

A §2241 petition must be brought in the district where the prisoner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 442-47 (2004). Here, petitioner is incarcerated at FCI-Cumberland, which is located in Cumberland, Maryland. Accordingly, jurisdiction over petitioner's §2241 claim lies in the District of Maryland where he is confined. Because this court lacks jurisdiction to consider the motion, petitioner's request for relief under §2241 must be dismissed without prejudice. See United States v. Smith, 355 Fed. Appx. 656, 658 (3d Cir. 2009).

An appropriate order will follow.

ORDER

AND NOW, this 4th day of April, 2011, for the reasons set forth in the memorandum above, IT IS ORDERED that petitioner's *pro se* petition under 28 U.S.C. §2241 (Document No. 1), be, and the same hereby is, dismissed without prejudice.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Joseph Vinansky

United States Bureau of Prisons